**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENIGNO TERRONES ROMERO, | No. 20-70183 |
| Petitioner, | Agency No. A200-199-101 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2021[**]
Pasadena, California

Before: MURGUIA, BADE, and LEE, Circuit Judges.

Benigno Terrones Romero, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) order dismissing his appeal

from an immigration judge's (IJ) denial of his application for asylum, withholding

of removal, and protection under the Convention Against Torture (CAT). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1.     Substantial evidence supports the denial of Terrones Romero's asylum application as untimely. An asylum application must be filed within one year of the applicant's last arrival in the United States, or one year from April 1, 1997, whichever is later; otherwise, the applicant must demonstrate that an exception to the deadline applies. 8 U.S.C. § 1158(a)(2)(B), (D); 8 C.F.R. § 1208.4(a)(2)(ii). Terrones Romero last arrived in the United States in January 1993, but he did not file an asylum application until 2013. He claims that his lack of knowledge about his possible eligibility for asylum constitutes an extraordinary circumstance justifying the delay. But there is no exception to the one-year deadline for ignorance of the law, which is generally "no excuse" under our precedent. *See Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003).

2.     The agency did not abuse its discretion in determining that Terrones Romero's 2011 conviction for driving under the influence of alcohol (DUI) is a particularly serious crime that bars him from withholding of removal under 8 U.S.C. § 1231(b)(3) and the CAT. *See Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc); 8 U.S.C. § 1231(b)(3)(B)(ii) (an applicant convicted of a particularly serious crime is ineligible for withholding of removal); 8 C.F.R. § 1208.16(d)(2). The agency first determined that DUI is "inherently an extremely dangerous crime," that can constitute a particularly serious crime. *See Bare v.*

2

*Barr*, 975 F.3d 952, 961–62 (9th Cir. 2020) (explaining that if "'the elements of the offense are examined and found to potentially bring the offense within the ambit of a particularly serious crime,' then the other factors [including the individual facts and circumstances of the conviction] are considered") (quoting *Matter of N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007)). The agency then relied on appropriate factors and proper evidence in concluding that Terrones Romero's 2011 DUI offense constitutes a particularly serious crime. *See Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012) (finding no abuse of discretion in a particularly serious crime determination where the agency reviewed the conviction and related records). Thus, the agency did not abuse its discretion in determining Terrones Romero is not eligible for withholding of removal.

3.     Substantial evidence supports the agency's denial of deferral of removal under the CAT because the record does not compel the conclusion that Terrones Romero would more likely than not be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019) (noting that generalized evidence of violence and crime not particular to a petitioner is insufficient to meet the CAT standard); *Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1089–92 (9th Cir. 2005) (affirming denial of CAT protection to petitioner, a gay man, despite country conditions evidence showing hostility, discrimination, and violence against gay men). *But see*

3

*Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1186, 1186–88 (9th Cir. 2020) (concluding that the record evidence "together" compelled a finding of likely future torture and granting deferral of removal under the CAT based on "the evidence that LGBTQ individuals are at heightened risk throughout Mexico" and the petitioner's testimony about "multiple instances of such [government] acquiescence in the past involving her personal circumstances").

4.      The BIA did not abuse its discretion in declining to remand to the IJ to permit Terrones Romero to submit additional evidence.  In earlier proceedings, this court granted the government's motion to remand to the BIA for it to "apply the case-by-case approach set forth in *Matter of Frentescu*, 18 I. & N. Dec. 244 (BIA 1982), and *Matter of N-A-M-*, 24 I. & N. Dec. 336 (BIA 2007), in determining whether" Terrones Romero was "ineligible for withholding of removal as an alien convicted of a particularly serious crime."  The remand order did not require or contemplate remand to the IJ, and Terrones Romero has not identified any additional facts or evidence he would have presented on remand.  *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam) (stating that remand can be for "additional investigation or explanation") (citation omitted).  To the extent that he alleges a due process violation, his claim fails because he has not established prejudice from any alleged violation.  *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1058 (9th Cir. 2005) (stating that to succeed on a due process claim, a petitioner

4

"must show prejudice").

**PETITION FOR REVIEW DENIED.**